# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD RIGGINS,** | ) | |
| Plaintiff, | ) | Civil Action No. 17-131Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **ERIE POLICE DEPARTMENT, et al,** | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is hereby recommended that the motion for leave to proceed in forma pauperis [ECF No. 1] is GRANTED.

It is further recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. § 1915(e). The Clerk of Courts should be directed to close this case.

### II. REPORT

#### A. Procedural History

This civil action was filed in this Court on May 22, 2017. Plaintiff, presently detained at the Erie County Prison, brought this civil rights action against the Erie Police Department, District Attorney's Office, Public Defender's Office, and Michael DeJohn[1]. Plaintiff seeks leave to proceed *in forma pauperis* in this matter. See ECF No. 1.

#### B. Screening Provisions of the Prison Litigation Reform Act

---
[1] Within the body of the complaint, Plaintiff also makes allegations against Public Defender Patricia Kennedy.

1

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking redress from governmental officers and employees.

Evaluating motions to proceed *in forma pauperis* under 28 U.S.C. § 1915 is a two-step process. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a). Second the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." Id. citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir. 1976); see also Schneller v. Able Home Care, Inc., 389 Fed.Appx 90, 92 (3d Cir. 1990). Therefore, only after the district court grants the request to proceed *in forma pauperis* may it dismiss the complaint as legally frivolous. See Jackson v. Brown, 460 Fed.Appx 77, 79 n.2 (3d Cir. 2012) ("As a procedural matte, therefore, the District Court should have addressed Jackson's [*in forma pauperis*] motion before dismissing the complaint as frivolous, rather than deny the [*in forma pauperis*] motion as moot after dismissal."); Spuck v. Fredric, 414 Fed.Appx 358, 359 (3d Cir. 2011) ("When a complaint is submitted along with an [*in forma pauperis*] application, the complaint is not deemed filed unless and until [*in forma pauperis*] status is granted. […] in that

2

situation, the District Court must first rule on the [*in forma pauperis*] application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).").

### C. Assessment of Plaintiff's motion for leave to proceed in forma pauperis

In his motion, Plaintiff states that he is unable to pay the filing fee associated with this civil rights case. Plaintiff's institutional account statement reveals that his account balance in early May was less than $1.00. Based upon this averment, I find that Plaintiff is without sufficient funds to pay the costs and fees of the proceedings, and accordingly, his request for leave to proceed *in forma pauperis* should be granted.

### D. Standard of Review for Failure to State a Claim in the Complaint

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229

(3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a

4

cognizable legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

### E. Assessment of Plaintiff's Complaint

Plaintiff alleges that his due process rights were violated by "false statements, false imprisonment." ECF No. 1-1, page 2. Plaintiff claims that the Erie Police Department violated his rights when they allegedly falsely arrested him and the District Attorney's Office is maliciously prosecuting him. Public Defender Patricia Kennedy is preventing her assistant public defenders, including Assistant Public Defender Michael DeJohn, from fully and adequately representing their clients. Based on the facts as alleged, Plaintiff's claims should be dismissed as this Court lacks jurisdiction over them.

As an initial matter, the Erie Police Department, the District Attorney's Office, and the Public Defender's Office are not "persons" as defined under § 1983 and thus, cannot be sued under that statute. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

In order to bring suit under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived her of her constitutional rights. Generally, anyone whose conduct is "fairly attributable to the state" can be sued as a state actor under § 1983. Filarsky v. Delia, 566 U.S. 377, 383 (2012) citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). "Action under color of state law requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Cirri v. Muroski, 2013 WL 2897868, at *4 (3d Cir. 2013) quoting Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011). If a defendant did not act under color of state law, then there is no basis for jurisdiction under § 1983. Rendell-Baker v.

Kohn, 457 U.S. 830, 838 (1982). Here, Michael DeJohn, Patricia Kennedy, and the Public Defender's Office are not acting under color of state law. When a public defender performs a lawyer's traditional functions as counsel in criminal proceedings, he or she does not act under color of state law. See Polk v. Dodson, 454 U.S. 312 (1981); Stankowski v. Farley, 487 F.Supp.2d 543 (M.D.Pa. 2007) (public defender not state actor)

Accordingly, the complaint should be dismissed with prejudice pursuant to the screening provisions of the Prison Litigation Reform Act.

### III. CONCLUSION

For the foregoing reasons, it is recommended that the motion for leave to proceed in forma pauperis [ECF No. 1] is GRANTED.

It is further recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. § 1915(e). The Clerk of Courts should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: May 23, 2017